UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20575-GAYLES/WHITE

BOBBY MINNIS,
     Plaintiff,

 v.

A. KEATON, et al.,
     Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge [ECF No. 25], entered on May 8, 2017. Plaintiff Bobby Minnis, who appears in this action *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on February 14, 2017—and amended that complaint on March 24, 2017—against A. Keaton, an appeals officer with the Bureau of Grievance Appeals in Tallahassee, Florida; Captain Lewis of the South Florida Reception Center; and nine John Doe male officers who were working the "Charley" shift at the South Florida Reception Center on the night of August 27, 2016, through the early morning hours of August 28, 2016 [ECF Nos. 1 & 20]. The matter was referred to Judge White for a ruling on all pretrial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. The Plaintiff filed a motion for leave to proceed *in forma pauperis* [ECF No. 4], which Judge White granted on February 16, 2017 [ECF No. 5].

Judge White's Report recommends that this Court, upon initial screening mandated by the *in forma pauperis* provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915, order the following:

(1) that the Plaintiff's claim against the John Doe officers who allegedly assaulted him in August 2016 and upon his return to the South Florida Reception Center proceed

against these officers in their individual capacities on First Amendment theories of retaliation and Eighth Amendment theories of cruel and unusual punishment;

(2) that Plaintiff's claim against the John Doe officer in the control bubble during the alleged August 2016 attack proceed against this officer in his individual capacity on a theory of failure to intervene in the constitutional violations committed by the other John Doe officers;

(3) that Plaintiff's claim against Captain Lewis proceed against her in her individual capacity on Eighth Amendment theories of deliberate indifference to serious medical needs;

(4) that Plaintiff's claim against Officer Keaton proceed against him or her in his or her individual capacity on an Eighth Amendment theory of failure to protect; and

(5) that Plaintiff's Motion for Declaratory Judgment [ECF No. 13] be denied as moot.

*See* Report at 19-20. Objections to the Report were due by May 22, 2017. To date, no objections have been filed.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If no objections are filed, the district court need only review the report and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); *see also* Fed. R. Civ. P. 72 advisory committee's note. The Court has undertaken this review and has found no clear error in the analysis and recommendations stated in the Report. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) the Report [ECF No. 25] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) the Motion for Declaratory Judgment [ECF No. 13] is **DENIED AS MOOT**; and

(3) the U.S. Marshals Service shall **SERVE** the Amended Complaint [ECF No. 20], the Report [ECF No. 25], and this Order on each of the Defendants in this action.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of June, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE