```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 17-CIV-20575-GAYLES
                        MAGISTRATE JUDGE P.A. WHITE
```

BOBBY MINNIS,

    Plaintiff,

vs.

A.KEATON, et al.,

    Defendants.
_____/

<u>ORDER TO WARDEN ACOSTA AND</u>
<u>U.S. MARSHAL RE-DIRECTING PERSONAL</u>
<u>SERVICE UPON DOE DEFENDANTS</u>

    The Plaintiff has filed a *pro se* civil rights complaint. He is proceeding *in forma pauperis.* Plaintiff alleges in pertinent part that he was brutally assaulted by eight John Doe officers at the South Florida Reception Center, while a ninth John Doe officer watched form a "control bubble."

    An Order (DE#27) has been entered adopting the undersigned's preliminary report (DE#25) allowing the amended complaint (DE#20) to proceed against these nine John Doe officers, among others.

    The Eleventh Circuit Court of Appeal has held that *pro se* prisoners proceeding *in forma pauperis* should be assisted in serving prison employees. <u>See</u> <u>Richardson v. Johnson</u>, 598 F.3d 734, 739 (11th Cir. 2010). In so ruling, the Eleventh Circuit has determined that an *in forma pauperis* litigant is allowed "to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." <u>Fowler v. Jones</u>, 899 F.2d 1088, 1095 (11th Cir. 1990); <u>see also</u>, <u>Richardson v. Johnson</u>, <u>supra</u>; <u>Rance v. Rocksolid Granit USA, Inc.</u>,

583 F.3d 1284, 1288 (11th Cir. 2009); Sellers v. United States, 902 F.2d 598 (7th Cir. 1990); Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995)).

The plaintiff, however, must also assist the Court in attempting to effectuate service. See Fowler, 899 F.2d at 1095("A plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.") (quotation marks and citation omitted).

Here, Plaintiff has assisted this court by specifically stating in his amended complaint the exact dates and approximate time of the alleged incident, the shift to which the nine John Doe defendants were assigned, their assigned locations and assigned job duties, and their physical descriptions. Thus, Plaintiff has not been dilatory in supplying identifying information, and it is well settled that "a prisoner need furnish no more than the information necessary to identify the defendant." Richardson, 598 F.3d at 739 (quoting Sellers, 902 F.2d at 602).

The Eleventh Circuit has found it unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide all the information necessary to effectuate service, particularly when it is information to which they do not have access. See Richardson, 598 F.3d at 739-740. In light of Richardson, Sellers, and Graham, the undersigned finds that plaintiff has provided the U.S. Marshal with sufficient information to serve the above-named defendant(s). The Richardson court has thus placed the burden on court officers and the U.S. Marshal to obtain information necessary to effect service of process when plaintiff is proceeding *in forma pauperis*. See Richardson, supra; see also, Ely v. Smith, 2008 WL 2076651 (E.D. Tenn. May 15, 2008)(accord).

The Court previously issued and order seeking assistance from Jose Colon in serving the referenced Doe defendants (DE#29), because Mr. Colon was listed as the Warden of the South Florida Reception Center on the Florida Department of Corrections website. However, no response was ever received, and the Court then learned that Mr. Colon was transferred and replaced by Mr. F.Acosta.[1] Therefore, at this juncture, assistance will be sought and obtained from the F.Acosta, the Warden of the South Florida Reception Center, the last known employer of the nine John Doe defendants, in order to obtain information regarding them, so that the court may attempt to complete service on these defendants.  Accordingly, it is

ORDERED and ADJUDGED as follows:

1. The Clerk of Court shall forward to F.Acosta, Warden of the South Florida Reception Center, by regular U.S. Mail and electronic mail, a copy of this order with newly-prepared summonses for John Does One through Nine, c/o F.Acosta, Warden of the South Florida Reception Center, who are or were employed with the South Florida Reception Center, along with copies of the amended complaint, preliminary report and order on screening, and sufficient copies of prepared waivers of service of process for the defendants.[2]

---

[1] It bears noting that Mr. Colon continued to be listed as the Warden of the SFRC for several months after he was apparently transferred. The website has only recently been updated.

[2] The Clerk of the Court shall also forward a courtesy copy of this order to Kenneth Steely, General Counsel for the Florida Department of Corrections, by regular U.S. Mail and electronic mail.

2. Warden Acosta shall have until **October 30, 2017** to either: (1) inform the United States Marshal and the Court in confidence and under seal of the full name and current place of employment of John Doe officers One through Nine where they can be served with process, or the full name and last known address of any John Doe officer One through Nine that may no longer be employed with the Florida Department of Corrections; (2) make an appearance on behalf of the defendants; or, (3) advise the court that neither alternative is possible.

3. If the last known addresses of any John Doe officers One through Nine are provided directly to the United States Marshal, Warden Acosta shall file a notice with the Court on or before **October 30, 2017** advising that this has been done. Warden Acosta shall also forward to the United States Marshal a copy of their notice.

4. Upon receipt of an address for officers John Doe One through Nine, the United States Marshal shall notify the undersigned's chambers and obtain from chambers a prepared summons for the defendant(s) (providing only 21 days for a response), a prepared service copy of the amended complaint, and other relevant documents, including the preliminary report on screening and the order thereon, and then attempt to personally serve the defendants at any address provided by as required by Florida law, and shall not disclose any such information on any document filed with the Court.

5. If any of the John Doe officers One through Nine are no longer located at the addresses provided by Warden Acosta, the United States Marshal shall report this information to the Clerk of

Court within ten (10) days of after receipt of this information from Warden Acosta.

DONE AND ORDERED at Miami, Florida, September 20, 2017.

s/Patrick A. White
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Warden F.Acosta
South Florida Reception Center
14000 N.W. 41rst Street
Doral, FL 33178
Francisco.Acosta@fdc.myflorida.com

Bobby Minnis
B05683
Bay Correctional Facility
Inmate Mail/Parcels
5400 Bayline Drive
Panama City, FL 32404

Madeleine Mannello Scott
Office of the Attorney General
General Civil Litigation
110 SE 6th Street, 10th Floor (Civil)
Fort Lauderdale, FL 33301

Kenneth Scott Steely
General Counsel
Florida Department of Corrections
501 S.Calhoun Street
Tallahassee, FL 32399-6548
kenneth.steely@fdc.myflorida.com

United States Marshal

Betty Rodriguez, Deputy Clerk