```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 17-CIV-20575-GAYLES
                                    MAGISTRATE JUDGE P.A. WHITE

BOBBY MINNIS,                  :

         Plaintiff,            :            REPORT OF
                                         MAGISTRATE JUDGE
v.                             :

A.KEATON, et al.,

         Defendant(s).         :
_____
```

Introduction

The Plaintiff has filed a *pro se* civil rights complaint. He is proceeding *in forma pauperis.* Plaintiff alleges in pertinent part that he was brutally assaulted by eight John Doe officers at the South Florida Reception Center, while a ninth John Doe officer watched form a "control bubble." An order has been entered adopting the undersigned's preliminary report, allowing the amended complaint to proceed against these nine John Doe officers, among others.

As the record reflects, the Court ordered the warden of the South Florida Reception Center to identify the nine John Doe officers. In response, the Florida Department of Corrections stated that, with the exception of John Doe #8, it had been able to identify all of the John Doe defendants.[1] The Court thus ordered Plaintiff to file a Notice stating whether Plaintiff intends to proceed against this defendant and, if so, any and all additional information that Plaintiff may have or recall that would assist in identifying this defendant. (DE#82).

---

[1] These defendants have since been served.

1

In response to the Court's order, Plaintiff described John Doe #8 as "a black male that was working in the L-dorm at the pertinent time." (DE#90). The Court thus again ordered the warden of the South Florida Reception Center to again attempt to identify John Doe #8, based on the additional information provided. (DE#93). In compliance with the Court's order, the Florida Department of Corrections conducted a review of the pertinent FDOC records. (See DE#110). However, those records indicate that there were no males, black or otherwise, working in L-dorm at the time Plaintiff alleges. (Id.). Therefore, the FDOC is still unable to identify John Doe #8. (Id.).

The FDOC's most recent response to the Court's second order directing them to undertake additional efforts to locate John Doe #8 based on the additional information provided by Plaintiff, after Plaintiff was ordered to provide any and all information he had that might assist in this regard, was filed on January 5, 2018, and mailed to Plaintiff on the same date. (Id.) And to date, Plaintiff has not provided any additional information.

## Discussion

Under Rule 4(m) of the Federal Rules of Civil Procedure, the district court "must dismiss the action without prejudice ... or order that service be made within a specific time" if the defendant has not been served within 120 days of the filing of the complaint. Fed.R.Civ.P. 4(m). The court must extend the time for service, however, if the plaintiff shows "good cause" for the failure. Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir.2009). When a court grants a litigant leave to proceed IFP, the officers of the court must "issue and serve all process." 28 U.S.C. § 1915(d). "[T]he failure of the United States Marshal to effectuate service on behalf of an in forma pauperis plaintiff through no fault of that plaintiff constitutes 'good cause' for the

2

plaintiff's failure to effect timely service within the meaning of Rule 4(m)." Id. at 1288. The decision to extend the time to effectuate service rests in trial court's sound discretion. See Richardson v. Johnson, 598 F.3d 734, 738-39 (11th Cir. 2010).

In Richardson, the Eleventh Circuit held that, where the § 1915(d) court-appointed agent for service of process can locate a prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant establish good cause for Rule 4(m) purposes. The prisoner must, however, provide sufficient information to identify the defendant. See Id. at 739-40; see also Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) (citing with approval district court's dismissal for failure to prosecute because of "inaction and dilatoriness" on the part of a prisoner-litigant).

Here, Plaintiff initially assisted this court by stating in his amended complaint the exact dates and approximate time of the alleged incident, the shift to which the nine John Doe defendants were assigned, their assigned locations and assigned job duties, and their physical descriptions. However, as set forth above, after the FDOC initially advised that it could not identify John Doe #8, the Court ordered Plaintiff to indicate whether he intends to proceed against this defendant and, if so, to provide further identifying information. And as further set forth above, Plaintiff responded that all the information he has was that John Doe #8 is a black male that was working in the L-dorm at the pertinent time, and the FDOC's diligent review of the pertinent records reveals that there was no black male working on L-dorm during the relevant time.

Based on the foregoing, the Court concludes that the court-appointed agent for service of process (the U.S. Marshal) cannot locate defendant John Doe #8 with reasonable effort, and that is because Plaintiff has effectively failed to provide enough

information to identify John Doe #8 to establish good cause for failure serve this defendant within the time allowed under Rule 4(m) to serve John Doe #8.[2] Dismissal of this defendant is thus warranted. See Richardson, 598 F.3d at 738-40. In addition, the Court concludes that, since Plaintiff has already provided all of the information that he has and the FDOC has still been able to identify John Doe #8, that any additional discretionary extensions of the time to serve this defendant would be futile.

## Conclusion

Based on the foregoing, it is recommended that the claims against defendant John Doe #8 be dismissed for failure to serve within the time prescribed by Rule 4(m), without any further discretionary extensions of time due to the futility of same.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

---

[2]The Court is cognizant that Plaintiff appears to be attempting in good faith to assist the Court. But the fact remains that Plaintiff is either mistaken or does not have a sufficiently accurate description for the FDOC to identify this defendant. As such, the Marshall will never be able to serve him.

It is so recommended at Miami, Florida, this 20th day of February, 2018.

```
                              _____
                              UNITED STATES MAGISTRATE JUDGE
```

Copies provided:

Bobby Minnis
B05683
Bay Correctional Facility
Inmate Mail/Parcels
5400 Bayline Drive
Panama City, FL 32404

Madeleine Quinn Mannello
Office of the Attorney General
General Civil Litigation
110 SE 6th Street, 10th Floor (Civil)
Fort Lauderdale, FL 33301

Sheridan K. Weissenborn
Dutton Law Group
9700 South Dixie Highway, Ste. 940
Miami, FL 33156

Lourdes Espino Wydler
Oscar Edmund Marrero
Marrero & Wydler
Couglas Centre
2600 Douglas Road
Suite PH-4
Coral Gables, FL 33134

Sean Jason Anderson
501 S Calhoun St
Tallahassee, FL 32399