# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20575-GAYLES/WHITE

BOBBY MINNIS,

    Plaintiff,

        v.

JULIE JONES, et al.,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge (the "Report") [ECF No. 87]. Plaintiff Bobby Minnis, who appears in this action *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on February 14, 2017—and amended that complaint on March 24, 2017—against A. Keaton, an appeals officer with the Bureau of Grievance Appeals in Tallahassee, Florida; Captain Lewis of the South Florida Reception Center; and nine John Doe male officers who were working the "Charley" shift at the South Florida Reception Center on the night of August 27, 2016, through the early morning hours of August 28, 2016 [ECF Nos. 1 & 20]. The matter was referred to Judge White for a ruling on all pretrial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3].

Defendant Keaton filed a Motion to Dismiss (the "Motion") [ECF No. 52] the Amended Complaint [ECF No. 20] on the grounds that Plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Judge White's Report recommends that this Court deny the Motion because Plaintiff was denied access to grievance forms, informed that he could not grieve the acts of appeals officers, and threatened with retaliation

if he continued to file grievances. Judge White concluded that based on the totality of the circumstances, the administrative grievance process was rendered "unavailable" to Plaintiff. Defendant Keaton filed timely objections to the Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If no objections are filed, the district court need only review the report and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); *see also* Fed. R. Civ. P. 72 advisory committee's note.

The Court has conducted a *de novo* review of the Report, the record, and the applicable law. This Court agrees with Judge White's well-reasoned analysis and recommendation that the Motion should be denied. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) the Report [ECF No. 87] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference; and

(2) Defendant Keaton's Motion to Dismiss [ECF No. 52] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of June, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE