UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20575-CV-GAYLES
MAGISTRATE JUDGE REID

BOBBY MINNIS,

       Plaintiff,

v.

GEO CORPORATION, et al.,

       Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE RE:
## DEFENDANT DEAN LEWIS'S MOTION FOR SUMMARY JUDGMENT
## [ECF 238]

Plaintiff Bobby Minnis filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, against multiple defendants for damages concerning events that allegedly occurred while he was incarcerated by the Florida Department of Corrections.

This case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-2.

In her motion for summary judgment, Defendant Lewis claims that judgment as a matter of law pursuant to Fed. R. Civ. P. 56 is warranted in this case, because the pleadings and record evidence show Plaintiff has failed to state a claim of deliberate indifference, and therefore, Defendant Lewis is entitled to qualified immunity. [ECF 238].

For its review, this report considered the Defendant's motion for summary judgment [ECF 238], Plaintiff's complaint [ECF 20], Plaintiff's declaration in opposition to the motion [ECF 255], his statement of disputed facts [ECF 253], and all exhibits relied upon by both parties. For the reasons set forth in this Report, the Undersigned recommends that the Defendant's motion be DENIED.

## I.   Standard of Review

Under Rule 56(a), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Grayson v. Warden, Comm'r, Alabama DOC*, 869 F.3d 1204, 1220 (11th Cir. 2017) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In reviewing a motion for summary judgment, this Court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016) (quoting *FindWhat*

*Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011)). Thus, a district court "'may not weigh conflicting evidence or make credibility determinations'" when reviewing a motion for summary judgment. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citing *FindWhat*, 658 F.3d at 1307). As such, where the facts specifically averred by the non-moving party contradict facts specifically averred by the movant, the motion must be denied, assuming those facts involve a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Because summary judgment is appropriate only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" *Great Am. All. Ins. Co. v. Anderson*, 847 F.3d 1327, 1331 (11th Cir. 2017) (quoting Fed. R. Civ. P. 56(a)), the moving party necessarily carries the burden. *Great Am. All. Ins. Co.*, 847 F.3d at 1331 (relying upon *Celotex*, 477 U.S. at 323). In meeting that burden, nonmoving parties may rely on materials enumerated in Fed. R. Civ. P. 56(c), meaning there are some materials that may be relied upon to avoid summary judgment even though they would not be admissible

at trial. *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997) (quoting *Celotex*, 477 U.S. at 324).

Issues are genuine if there is sufficient evidence for a reasonable jury to return a verdict for either party. *Great Am. All. Ins. Co.*, 847 F.3d at 1331 (relying upon *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In a similar vein, "an issue is material if it may affect the outcome of the suit under governing law." *Great Am. All. Ins. Co.*, 847 F.3d at 1331 (relying upon *Anderson*, 477 U.S. at 248). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F. 2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 242). In sum, where no reasonable juror could find in the non-moving party's favor, summary judgment is appropriate. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278 (11th Cir.1997).

In the summary judgment context, courts must still construe *pro se* pleadings more liberally than those of a party represented by an attorney. *Loren v. Sasser*, 309 F.3d 1296, 1301 (11th Cir. 2002). Notwithstanding, if the nonmoving party "fails to properly address another party's assertion of fact as required by Rule 56(c)" courts may consider the fact undisputed for purposes of the motion and grant summary judgment if the facts in the record—including those considered undisputed—illustrate that the movant is entitled to judgment in its favor. Fed. R. Civ. P. 56(e)(2).

Moreover, an inmate's statements in a verified complaint or a sworn response to a motion for summary judgment is appropriately treated as "testimony" when ruling on a summary judgment motion. *Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019) (citing *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018) (en banc) ("[O]ur cases correctly explain that a litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment.") and *Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. Unit A 1981) (stating that a verified complaint serves as the equivalent of an affidavit for purposes of summary judgment)).

## II.  Applicable Law

A. <u>Deliberate Indifference</u>

The Eighth Amendment of the United States Constitution forbids "cruel and unusual punishments." U.S. Const. amend. VIII. "The Eighth Amendment is applicable to the states through the Fourteenth Amendment." *Bingham v. Thomas,* 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Chandler v. Crosby,* 379 F.3d 1278, 1288, n. 20 (11th Cir. 2004)). The Supreme Court of the United States has made clear that the Eighth Amendment proscribes a state actor's "deliberate indifference to serious medical needs of prisoners." *See Bingham v. Thomas,* 654 F.3d at 1175 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted)).

"[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks omitted). The term "deliberate indifference" includes the intentional denial or delay of access to medical care. *See Estelle v. Gamble,* 429 U.S. at 104. Deliberate indifference to serious medical needs is also exhibited by intentional interference with treatment already prescribed. *Id.* at 105. But not every claim by a prisoner that he did not receive adequate medical treatment articulates an Eighth Amendment violation. *Id.* at 105-06.

To establish an Eighth Amendment claim for deliberate indifference to serious medical needs, a plaintiff must satisfy an objective and subjective requirement. *See Bingham v. Thomas,* 654 F.3d 1171, 1175-1176 (11th Cir. 2011) (citing *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir. 2000)). To satisfy the objective component, the plaintiff must demonstrate "(1) 'an objectively serious medical need. . . that, if left unattended, poses a substantial risk of serious harm,' and (2) that the prison official's response 'to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.'" *Id.,* 654 F.3d at 1176 (quoting *Taylor v. Adams,* 221 F.3d at 1258).

6

To satisfy the subjective component, the plaintiff must show "a prison official's subjective intent to punish by demonstrating that the official acted with deliberate indifference." *Id.,* 654 F.3d at 1176 (citing *Taylor v. Adams,* 221 F.3d at 1258). "To satisfy this requirement, a prisoner must show the prison official's: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence.'" *Id.,* 654 F.3d at 1176 (quoting *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004)). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.,* 654 F.3d at 1176 (quoting *Brown v. Johnson*, 387 F.3d at 1351). A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.,* 654 F.3d at 1176 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer,* 536 U.S. 730 (2002)).

B. Qualified Immunity

A state actor, sued in his or her individual capacity, pursuant to 42 U.S.C. § 1983, is entitled to raise qualified immunity as a defense. *See Wilson v. Strong*, 156 F.3d 1131, 1135 (11th Cir. 1998). To prevail on a qualified immunity defense, a defendant must demonstrate that the conduct complained of took place while they were performing a discretionary function. *See Johnson v. Boyd*, 701 F. App'x 841,

7

848 (11th Cir. 2017). Once this showing has been made, the burden then shifts to the Plaintiff to demonstrate that: "(1) the officers violated a constitutional right; and, (2) the right was clearly established at the time of the violation." *Johnson v. Boyd*, *supra.*; *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The constitutional right must be sufficiently clear for a reasonable official to understand that what he is doing violates that right. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002); *Vinyard v. Wilson*, 311 F.3d 1340, 1353 (11th Cir. 2002)(citations omitted). To be eligible for qualified immunity, the government officials must first show that they were acting within their discretionary authority. *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003).

### III.   Plaintiff's Version of Events

Plaintiff alleges that on August 28, 2016, he was removed from his confinement cell at South Florida Reception Center ("SFRC"), taken to an area of the confinement dorm not captured by camera, and brutally beaten and sexually abused by eight corrections officers. [ECF 20, pp. 5-6]. Plaintiff claims that a few hours later, after shift change, Captain Lewis was conducting rounds in the dorm with two other officers when she saw Plaintiff unconscious and crumpled on the floor in his cell. [*Id*. p. 7]. She immediately called for medical assistance and had Plaintiff rushed to medical in a wheelchair. [*Id*.]. However, when she found out that officers assaulted him, she called off the emergency, and had Plaintiff put back into

his cell, refusing to hear his pleas for protection. [*Id*.]. She also refused to take pictures of Plaintiff's injuries. [ECF 255, p. 4].

This lack of immediate medical attention caused him immense suffering, and led to the worsening of his injuries. [ECF 255, p. 4]. In pertinent part, Plaintiff's scrotum filled with so much blood that he had to bore a hole through his own flesh to drain fluid from the area. [*Id*.]. Plaintiff also suffered from grotesque bruises, severe pain in his broken ribs, and post-traumatic stress disorder. [*Id*. p. 2].

Plaintiff states that he talked to Defendant Lewis, but he does not remember what was said because he was not very coherent at the time, and was "pretty much out of it." [ECF 238-1, p. 144]. However, he also claims that Captain Lewis escorted him to medical and that she was with him for "possibly 15 minutes." [ECF 238-1, p. 151, 153]. During this time, when Defendant Lewis asked Plaintiff about the blood all over the place and why he couldn't get up, Plaintiff swears that he told her that it was because he had broken ribs and a broom shoved up his rectum. [*Id*., p. 157, 160]. Specifically, he watched as prison employees told Lewis over the phone which officers assaulted him. [*Id*., p. 159]. He came to know Defendant Lewis's name when he asked another inmate about her. [ECF 238-1, p. 144].

The day after the incident, on August 29, 2016, Plaintiff was transferred from SFRC to South Bay Correctional Facility ("South Bay"). [ECF 20, p. 7]. At South Bay, he reported to Nurse Bennett that officers had brutally assaulted him, but she

refused to document his injuries. [ECF 255, p. 2]. When he returned to SFRC in November 2016, Plaintiff did not see Captain Lewis again. [ECF 238-1. p. 154].

## IV. Defendant's Version of Events

On August 28, 2016, Defendant Lewis worked as the Shift Captain from 7:00 a.m. to 7:00 p.m. [ECF 238-2, ¶ 6]. She saw an inmate in the fetal position on the floor while making her rounds. [*Id.*, ¶8]. When asked what was wrong, the inmate responded that someone from the other shift had beat him. [*Id.*].

Based on this, Captain Lewis instructed her shift Sergeant to take the inmate to medical to have him assessed. [*Id.*, ¶9]. Captain Lewis does not know who the inmate was nor his name. [*Id.*, ¶10].

## V. Discussion

A. <u>Deliberate Indifference</u>

Regarding the first component of deliberate indifference, the Court must determine whether Petitioner had a serious medical need at the time of the alleged constitutional violation. The law is clear that broken bones constitute a serious medical need. *See Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016) (per curiam) (broken bones are serious medical needs; severe pain can also constitute a serious medical need (citations omitted)). Moreover, "case law has established that both long and short delays [in medical treatment] can be inexcusable, depending on the medical need and the reason for delay." *See Alsobrook v. Alvarado*, 477 F. App'x

10

710, 713 (11th Cir. 2013) (citing *Harris v. Coweta Cnty.*, 21 F.3d 388, 393-94 (11th Cir. 1994)). Delaying treatment for bleeding, "when there is no justifiable explanation for the delay, may equate to deliberate indifference." *Id*. (citing *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985)).

In support of her argument that Plaintiff did not have a serious medical need, the Defendant cites Nurse Bennett's affidavit, where she states that Plaintiff did not report his sexual assault upon arrival at South Bay and was only suffering from bruising to the right side of the face. [ECF 238-3]. In contrast, Plaintiff alleges that as a result of the assault, he suffered broken ribs, bleeding from his rectum, and that he specifically told Defendant Lewis about his injuries. [ECF 238-1, pp. 157, 160].

On summary judgment review, the Court cannot credit Nurse Bennett's statement regarding Plaintiff's injuries over Plaintiff's sworn assertions. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012). Importantly, Nurse Bennett is a named Defendant in the case; and Plaintiff swears in his declaration in opposition that he informed her of his sexual assault and injuries upon his arrival at South Bay, but that she failed to fully document, report or treat those injuries to cover up the assault. [ECF 255, p. 2]. Essentially, Plaintiff alleges that because officials attempted to cover up the assault, there is no documentation to support Plaintiff's claims of injuries at or near the time of the incident. An x-ray taken

11

approximately two weeks after the incident, however, showed that Plaintiff had two fractured ribs. [ECF 238-1, p. 76; ECF 255, p. 27].

Moreover, the Defendant's argument that Plaintiff did not have a serious medical need is contradicted by her own affidavit. In pertinent part, she acknowledges that she saw an inmate on the floor of his cell in the fetal position (later known to be the Plaintiff), and the inmate informed her that someone from the other shift had beat him. [ECF 238-2, p. 2]. In response to this, she instructed two other officers to have Plaintiff transported to medical. [*Id.*]. Looking at the evidence in the light most favorable to the Plaintiff, it is questionable why Defendant Lewis had Plaintiff transported to medical in the first place if she believed that he did not need immediate medical attention. This fact alone cuts against her argument that there was no serious medical need.

Thus, when looking at the evidence in the light most favorable to the Plaintiff, the true nature and severity of Plaintiff's injuries and whether they constituted a "serious medical need" at the time of the alleged deliberate indifference remains a genuine dispute of material fact that cannot be resolved in a motion for summary judgment.

Regarding Defendant Lewis's deliberate indifference to Plaintiff's condition, this is not a case of a mere difference in opinion regarding medical treatment that was provided. *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Nor is

there an allegation that Defendant Lewis provided Plaintiff medical attention at a later time. Instead, Plaintiff asserts that Defendant Lewis had subjective knowledge of his injuries when she found him unconscious in a pool of blood [ECF 255, p. 1], plainly refused him all medical treatment, and that he was transferred to another institution the following day. When she refused him all medical treatment, she left Plaintiff in severe pain. *See McElligott v. Foley*, 182 F.3d 1248, 1255-59 (11th Cir. 1999); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990). In the light most favorable to the Plaintiff, this total failure to treat was not merely inadequate and caused an unnecessary and wanton infliction of pain. See *Bingham v. Thomas,* 654 F.3d 1171, 1175-1176 (11th Cir. 2011) (citing *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir. 2000)).

Moreover, whether Plaintiff suffered an injury as a result of Defendant Lewis's alleged deliberate indifference remains in dispute. Defendant Lewis asserts that because Plaintiff's injuries are *de minimis* and cannot be attributed to her, Plaintiff may not recover compensatory or punitive damages. [ECF 238, p. 10]. Nevertheless, although Plaintiff's ribs were broken prior to Defendant Lewis's involvement in the situation, when taking Plaintiff's allegations as true, the complete failure to provide him any treatment or to (temporarily) alleviate his pain can constitute an "injury" for purposes of damages. *See Thompson v. Sec'y Fla. Dep't of Corr.,* 551 F. App'x 555, 557 (11th Cir. 2014); *see also King v. Reap*, 269 F. App'x

857, 861 (11th Cir. 2008) (finding that the delay in treatment resulting from sending an ambulance away from plaintiff, who had been a victim of excessive force, violated his constitutional rights even though treatment was later provided). As such, Plaintiff's claims for compensatory and punitive damages must survive summary judgment.

Accordingly, although the credibility of Plaintiff's allegations remain debatable, his claim of deliberate indifference as to Defendant Lewis simply cannot be resolved in this motion for summary judgment because his sworn testimony in his deposition and complaint create a genuine issue of material fact to be determined by a jury. *Sears v. Roberts*, 922 F.3d at 1206. When looking in the light most favorable to the Plaintiff, he has established a sufficient constitutional claim.

B. Qualified Immunity

With respect to qualified immunity, accepting the Plaintiff's version of events as true, Defendant Lewis violated his clearly established constitutional right when she knew that he had a serious medical need and purposely denied him all medical attention to cover up the assault.[1] This action was objectively unreasonable considering the facts and circumstances before the Defendant. *See Harris v. Coweta*

---

[1] In his memorandum of law [ECF 255, p. 9], Plaintiff disputes that Defendant Lewis was acting within her discretionary authority at the time of the alleged constitutional violation. However, as discussed in this section, even when assuming that Lewis was acting within her discretionary function at the time she denied him medical attention, she is not entitled to qualified immunity because her actions were in violation of clearly established federal law.

*Cnty*, 21 F.2d at 394. Moreover, based on the record evidence presented thus far, a violation of Plaintiff's constitutional rights was clearly established at the time of the incident such that a reasonable prison official would have been on notice that their conduct, in failing to provide medical attention to Plaintiff, violated the law. *See e.g. Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989) (knowledge of the need for medical care and intentional refusal to provide such care constitutes deliberate indifference).

The specific factual allegations in this case conflict with one another and create genuine issues of material fact which cannot be resolved on a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255 ("credibility determinations, the weighing of evidence and the drawing of legitimate inferences from the facts are jury functions."). Thus, because the issue of whether the Defendant's actions in this case constituted deliberate indifference remains in dispute, summary judgment should be denied as to Defendant Lewis.

## VI. Conclusion

It is, therefore, recommended that Defendant's motion for summary judgment [ECF 238] be **DENIED.**

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Plaintiff from a *de novo* determination by the district judge of an issue covered in

this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 8th day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Bobby Minnis
      73130-004
      Coleman Low
      Federal Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 1031
      Coleman, FL 33521
      PRO SE

      Maria Guitian Barker
      Office of the Attorney General
      General Civil Division
      State of Florida
      110 Southeast 6th Street
      10th Floor
      Fort Lauderdale, FL 33301
      954-712-4600
      Fax: 954-527-3702
      Email: Maria.GuitianBarker@myfloridalegal.com